IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kenneth Ray Mitchell, ) | C/A NO. 3:11-609-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Liberty Tax Services; Marilyn Kirkland, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint filed in this court relating to certain alleged actions of Defendants.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On September 21, 2011, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on September 30, 2011. In response to the Order filed October 4, 2011, Plaintiff has provided additional United States Marshal forms (USM-285) for potential service of Defendants.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report. Accordingly, the court adopts the Report in its entirety by reference in this Order.

Plaintiff contends that he provided addresses for Defendants and that "there is no excuse for non[-]service of the defendants." Obj. at 1 (ECF No. 29). As to Defendant Kirkland, it appears that she no longer works at Liberty Tax Service. *See* Return at 1 (ECF No. 19). Neither USM-285 form[1] recently provided by Plaintiff is addressed to Defendant Marilyn Kirkland. Therefore, Defendant Marilyn Kirkland is dismissed from this matter without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

The USM-285 forms supplied by Plaintiff are addressed to "John Hewitt 'CEO' of Liberty Tax Services," and "J. Kash, Liberty Tax Services Manager Office." However, "John Hewitt" and "J. Kash" are not defendants in this action.[2] As noted by the Magistrate Judge in the Order filed April 12, 2011, "[t]he United States Marshal cannot serve an improperly identified defendant, and

---

[1]The Clerk is directed to photocopy the first page of both of these USM-285 forms and file them as of the filing date of this Order.

[2]Plaintiff's earlier attempt at service on Liberty Tax Service was directed to "John Hewtt [sic], Owner of Liberty Tax." Return at 1 (ECF No. 18, filed Aug. 5, 2011). However, the return indicates that "John Hewitt is the CEO of Liberty Tax Service and the [Liberty Tax Service] @ 7120 Two Notch Rd is independently owned." *Id.*

unserved defendants may be dismissed as parties to this case." Order at 2 (ECF No. 9).

For these reasons, therefore, this matter is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

                                            s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 2, 2011