IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kenneth Ray Mitchell, | ) | C/A No. 3:11-609-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Liberty Tax Services, All Person Too This | ) | |
| Liberty Tax, Place of Business on Two Notch | ) | |
| RD Location Thereof, and Marilyn Kirkland, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This civil action is currently before the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Order and Report and Recommendation concerning the service of process on the named defendants. The plaintiff, Kenneth Ray Mitchell, is self-represented and proceeding *in forma pauperis*. This case was previously dismissed without prejudice because the defendants were not timely served pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 36.) Plaintiff moved the court to re-open his case, asserting that he had not received prior orders and other correspondence from this court leading up to the dismissal, notifying the court of his change of address, and asserting that he wished to continue to pursue his case. (ECF No. 41.) The Honorable Cameron McGowan Currie, United States District Judge, granted Plaintiff's motion and re-referred the case to assigned magistrate judge for further handling. (ECF No. 43.)

As the plaintiff was granted leave to proceed *in forma pauperis* (ECF No. 9), the court has directed the United States Marshals Service to serve the Summons and Complaint on the defendants.

*PJG*

(ECF No. 13); see Fed. R. Civ. P. 4(c)(3); 29 U.S.C. § 1915(d). The court's order stated that "[i]f the information provided by Plaintiff . . . is not sufficient for the Marshal to effect service of process, . . . the Marshal should so note in the 'Remarks' section at the bottom of the Form USM-285." (ECF No. 13 at 1.) The plaintiff was also specifically advised that "[plaintiff] **must** provide, and is responsible for, information sufficient to identify Defendants," and that "[t]he United States Marshal cannot serve an improperly identified defendant, and unserved defendants may be dismissed as parties to this case." (Id. at 2.) The plaintiff was also previously warned that failure to provide the court with information that would assist in effecting service on the defendants would result in a recommendation of dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 21.)

In Plaintiff's letter filed January 5, 2012, Plaintiff acknowledges that he not been able to obtain updated service information for Defendant Kirkland and expresses no intent to attempt to obtain such information in the future. Plaintiff does, however, provide an updated Form USM-285 for Defendant Liberty Tax Services.[1] (ECF No. 52.)

**ORDER AND RECOMMENDATION**

Accordingly, it is hereby

**ORDERED** that the Clerk of Court is directed to issue the new summons for Defendant Liberty Tax Services, and to forward a copy of the Complaint (ECF No. 1) and the updated Form

---

[1] The updated service documents submitted by Plaintiff are Forms USM-285 listing "Akhtar-Nohammad" as "owner" and providing the address of the Liberty Tax Service office that Plaintiff intends to sue. (ECF Nos. 42 & 51.) It does not appear that Plaintiff intends to name this person as a separate defendant in this case. Instead, his inclusion of the "owner's" name on the new forms appears intended only to provide further identifying information to the United States Marshals Service so that the correct Liberty Tax Services office can be served.

Page 2 of 5



USM-285 (ECF No. 52) to the Marshal for service upon Defendant Liberty Tax Services only. The Clerk of Court is directed to attach a copy of this Order and Report and Recommendation to the copy of the Complaint to be served upon this defendant.

The Clerk of Court is directed not to authorize the issuance and service of process against Defendant Marilyn Kirkland unless the Clerk of Court is instructed to do so by a United States District Judge. It is further

**ORDERED** that the United States Marshal shall serve the Complaint on Defendant Liberty Tax Services.

The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995)).

If the information provided by Plaintiff on the updated Form USM-285 is still not sufficient for the Marshal to effect service of process after reasonable investigative efforts have been made to locate the named defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285. It is further

**ORDERED** that Defendant Liberty Tax Services, upon proper service, is directed to file an answer to the Complaint or otherwise plead. It is further

**ORDERED** that the Plaintiff **must** provide, and is responsible for, information sufficient to identify the defendants on the Form USM-285. The United States Marshal cannot serve an inadequately identified defendant, and un-served defendants may be dismissed as parties to this case.

PJG

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to Defendant's attorney making an appearance in this court, Plaintiff must serve the defendant with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served. It is further

**RECOMMENDED** that Defendant Kirkland be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 6, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).